IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY THOMPSON,<br><br>    Plaintiff,<br><br>  v.<br><br>SILVER CLUB, a Nevada corporation,<br><br>    Defendant | No. C-07-6371 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR IMPROPER VENUE** |

    Before the Court is plaintiff's complaint and application to proceed in forma pauperis, each filed December 17, 2007. In his complaint, plaintiff alleges that defendant is a "Nevada corporation" that owns and operates a hotel located in Sparks, Nevada, (see Complaint at 1:16-17), that plaintiff uses a wheelchair, (see id. at 1:24-25), and that the wheelchair-accessible rooms at defendant's hotel have only one bed, (see id. at 2:2-3). Plaintiff alleges he "must choose between being able to bathe safely and having a separate bed for his traveling companion." (See id. at 2:5-6.)

    "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial

district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Plaintiff's complaint includes a claim under the Americans with Disabilities Act; jurisdiction thus is not founded solely on diversity of citizenship. Plaintiff does not allege that defendant resides in or may be found in the Northern District of California. Nor does plaintiff allege that any of the events giving rise to his claim occurred therein; indeed, based on the information in the complaint, all of the events giving rise to plaintiff's claim occurred in Nevada. Consequently, it would appear that venue is not proper in this district. See 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Accordingly, plaintiff is hereby ORDERED to show cause, no later than January 25, 2008, and in writing not to exceed five pages, why the instant action should not be dismissed, without prejudice, for improper venue.[1] See Costlow v. Weeks, 790 F. 2d 1486, 1488 (9th Cir. 1986) (holding district court has "authority to raise the issue of defective venue on its own motion).

**IT IS SO ORDERED.**

Dated: December 27, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] Pending resolution of the question of venue, plaintiff's application to proceed in forma pauperis will remain under submission.

2